YASUJI FUJITA v. NAGLE, Commissioner of Immigration.*

No. 6665.

Circuit Court of Appeals, Ninth Circuit.

May 4, 1932.

Russell W. Cantrell, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and I. M. Peckham, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges.

WILBUR, Circuit Judge.

This appeal is from an order entered by the District Court for the Northern District of California denying the petition of appellant for a writ of habeas corpus.

On September 12, 1926, appellant Yasuji Fujita, was admitted into the United States at Blaine, Wash., as an immigrant student, pursuant to the provisions of section 4(e) of the Immigration Act of 1924 (8 USCA § 204(e), that "an immigrant * * * who

*Rehearing denied June 6, 1932.

seeks to enter the United States *solely* for the purpose of study at an accredited school," etc. (italics ours).

He was en route to Whittier, Cal., where he matriculated in Whittier College in September, 1926 and from that date until February, 1930, regularly pursued his studies, attending Pasadena College at Pasadena, Cal., and the United Y. M. C. A. Schools at Seattle, Wash., after leaving Whittier College in May, 1927. Up to February, 1930, when he left the Y. M. C. A. school, it is not claimed that appellant had not maintained the status of an immigrant student.

Appellant is an expert in the art of jiu-jitsu wrestling and during the time from February, 1930, to the day he was ordered deported, March 25, 1931, engaged in numerous wrestling matches, receiving therefor substantial sums of money. In order to fully appreciate the issue here involved it will be necessary to review in more detail his activities during that period. He left Seattle, Wash., in February, 1930 and traveled down the Coast visiting several cities in Oregon and California, and arrived in El Paso, Tex., some time in April. Between that time and June, 1930, appellant participated in four wrestling matches in El Paso, for which he received about $200. Fujita testified that this $200 was a gift from the promoter to help pay his expenses, and that there was no contract or understanding as to his receiving any remuneration for his services. However, the promoter testified that for the main event matches in which Fujita took part, it was understood that he was to receive 20 per cent. of the gate receipts. In June, 1930, a preliminary investigation in deportation proceedings was commenced, and on August 6, 1930, appellant was taken into custody under a warrant of arrest and released on bond. Hearings were conducted, and, in view of appellant's avowed intention of entering Columbia University that fall, the Secretary of Labor on October 6, 1930, directed that the matter be deferred one year and a report be then submitted indicating whether appellant was maintaining the status of an immigrant student. Appellant did not enter Columbia University that fall (although the deportation proceedings were deferred in time for him to have done so), but instead went to Cincinnati, Ohio, in November. Between November, 1930 and January, 1931, the record shows that appellant engaged in at least six wrestling matches in Cincinnati as well as matches in Ft. Wayne, Ind., and Louisville, Ky. For these matches in Cincinnati appellant testified that he received amounts ranging from $21 to $240 and totalling about $400. The promoter, however, testified that for a single match, the one on January 1, 1931, which was advertised as a championship match, Fujita received 15 per cent. of the net receipts, which were about $6,500, making appellant's share about $975. Appellant was provisionally admitted to the University of Cincinnati on February 9, 1931, the course for which he registered consisting of six hours a week of physical education and hygiene, three hours a week of geography, and three hours a week of mathematics. It also appears from the record that a wrestling match in which Fujita was to participate was scheduled for March 5, 1931, at Louisville, Ky., and another, which was advertised as a welter-weight championship match, was scheduled for March 16, 1931, at Cincinnati, Ohio. A second investigation was commenced by the immigration authorities on January 15, 1931, and on March 25, 1931, the Secretary of Labor ordered appellant deported on the ground that he had remained in the United States after failing to maintain the exempt status of student under which he was admitted.

Section 14 of the Immigration Act of 1924 (8 USCA § 214) provides as follows: "Any alien who at any time after entering the United States is found * * * to have remained therein for a longer time than permitted under this subchapter or regulations made thereunder, shall be taken into custody and deported. * * *"

Rule 10, subdivision D, of the Immigration Rules of January 1, 1930, reads: "Any immigrant student admitted to the United States as a nonquota immigrant under the provisions of subdivision (e), Section 4 of the Immigration Act of 1924, who fails, neglects or refuses regularly to attend the school, college, academy, seminary or university to which he has been admitted, or who otherwise fails, neglects or refuses to maintain the status of a bona fide student, or who is expelled from such institution, or who engages in any business or occupation for profit or who labors for hire, shall be deemed to have abandoned his status as an immigrant student and shall on the warrant of the Secretary of Labor be taken into custody and deported."

The Secretary of Labor found that appellant had not attended school for an entire year, and that he had during that year followed the occupation of professional wrestler, and therefore was deemed to have

186

abandoned his status as an immigrant student, and was subject to deportation under the above-quoted provisions. That the findings of the Secretary of Labor are conclusive and binding upon this court, where there is any evidence in the record to substantiate them, is too well settled to require citation of authorities. Indeed, counsel for appellant in his brief states that the petition for the writ of habeas corpus in this case was not based upon the contention that the petitioner was denied a fair hearing, or that the Secretary of Labor, in interpreting the evidence, reached a wrong conclusion, but was based upon the express ground that there was no substantial evidence submitted to the Secretary of Labor on which he could legally base his finding that the petitioner had failed to maintain the exempt status of a student under which he was admitted. It is the contention of the appellant that Rule 10, subdivision D, of the Immigration Rules, should be construed to apply only to those nonquota immigrant students who definitely abandon their studies and engage in business or work for profit or hire, and not to those students, otherwise bona fide, who, during their studies, gain their maintenance, either partially or wholly, by self-supporting labor, and that, in the case at bar, the appellant's employment as a professional wrestler was merely incidental to his studies. We deem it unnecessary for us to decide this question of construction, for the reason that from the evidence it seems clear that professional wrestling had become his occupation and his schooling merely incidental to that, rather than the reverse, as claimed by appellant.

The evidence before the Secretary of Labor contained appellant's own statements that he engaged in at least twelve wrestling matches between April, 1930, and January, 1931, during which time he was not attending school, although there is a conflict in the evidence as to how much remuneration he received therefor. The most that can be said is that it is doubtful whether his enrollment in the University of Cincinnati in February of 1931 was in good faith, or was merely a subterfuge to permit him to remain in the United States, ostensibly as an immigrant student, but in fact to continue his career as a professional wrestler. We cannot say that there was no substantial evidence before the Secretary of Labor from which he could have reasonably concluded that appellant had failed to maintain the exempt status of immigrant student.

Judgment affirmed.